**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4996

HAROLD L. WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-219)

Submitted: July 30, 1999

Decided: September 17, 1999

Before MURNAGHAN and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Jeffrey E. Risberg, Assistant Federal Public
Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Thomas M. DiBiagio, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harold L. Wright was convicted by a jury of two counts of carjacking, 18 U.S.C.A. § 2119 (West Supp. 1999), for which he was sentenced to fifteen years on count one and twenty-five years on count three. Wright appeals, claiming that (1) the district court erred in denying his motion to suppress photographic and in-court identifications by the victims; (2) the district court abused its discretion in excluding his expert witness; (3) the district court erroneously instructed the jury on the intent element of the federal carjacking statute; and (4) that the maximum sentence on count three should have been fifteen years. For the reasons that follow, we affirm with respect to Wright's first three claims. In light of the Supreme Court's recent decision in Jones v. United States, ___ U.S. ___, 119 S. Ct. 1215 (1999), we vacate the sentence imposed on count three and remand for resentencing.

Wright contends, first, that the victims' photo array and in-court identifications should have been suppressed because their identifications were tainted by prior viewings of Wright on television in connection with news broadcasts about the carjacking incidents. Both victims saw Wright's picture in television reports identifying him as a carjacking suspect and each, independently, immediately recognized him as her attacker. The district court found that, even assuming the initial identifications were impermissibly suggestive, the later identifications were sufficiently independently reliable, given the time of day of the attacks and each victim's opportunity to see her assailant. See United States v. Wilkerson, 84 F.3d 692, 695 (4th Cir. 1996) (providing factors to assess reliability of challenged identification), cert. denied, 118 S. Ct. 341 (1997). Wright cannot show that those findings are clearly erroneous. See United States v. Johnson, 114 F.3d 435, 439 (4th Cir.) (in reviewing a denial of a motion to suppress, this court reviews the district court's factual findings for clear error and

2

its legal conclusions de novo), cert. denied, 118 S. Ct. 257 (1997). Accordingly, the district court did not err in denying his motion to suppress both the photo and in-court identifications.

Second, Wright contends that the district court abused its discretion in excluding the testimony of an expert witness who would have testified regarding the unreliability of eyewitness identification. Exclusion of expert testimony is "within the sound discretion of the trial judge." United States v. Harris, 995 F.2d 532, 534 (4th Cir. 1993). Expert psychological testimony on the validity of eyewitness identification is admissible only under "narrow circumstances" not present here. Id. at 534-35. Therefore, we find no abuse of discretion in the district court's refusal to allow Wright's expert to testify on this issue.

Third, Wright contends that the district court erred in instructing the jury on the element of intent. The district court's instruction to the jury stated that the Government was required to prove that while taking or attempting to take the vehicle, the defendant intended to cause death or serious bodily harm to the victim if he was not given the car (conditional intent). Wright claims that the government was required to prove that, while taking, or attempting to take the vehicles, he intended to cause death or serious bodily injury regardless of whether or not the victim agreed to relinquish the car (unconditional intent). While this appeal was pending, the Supreme Court decided Holloway v. United States, ___ U.S. ___, 119 S. Ct. 966 (1999), which held that the intent element is satisfied by either conditional intent to kill or harm or unconditional intent to kill or harm if necessary to take the car. Under Holloway, the district court properly instructed the jury on the element of intent.

Finally, Wright challenges the twenty-five year sentence imposed on count three. The district court determined that the maximum penalty was twenty-five years because the victim suffered "serious bodily injury." 18 U.S.C.A. § 2119(2). Wright contends that § 2119(2) states a required element of the offense rather than a sentencing enhancement; therefore, because the indictment did not allege in count three that serious bodily injury resulted, the maximum term of imprisonment which could be imposed was fifteen years. See 18 U.S.C.A. § 2119(1). In light of the Supreme Court's recent decision in Jones v. United States, ___ U.S. ___, 119 S. Ct. 1215 (1999) (holding that

3

§ 2119 establishes three separate offenses, each of which must be charged by indictment and proven beyond a reasonable doubt), we vacate Wright's sentence with respect to count three and remand for further proceedings consistent with Jones. We grant Wright's motion to file a supplemental reply brief, and the Government's motion to file a supplemental brief, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED